# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 10-483V
Filed: July 28, 2014

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | |
| SAMANTHA Y. WILSON, As Parent and | * | UNPUBLISHED |
| Legal Representative of her minor daughter, | * | |
| S.W., | * | Special Master Dorsey |
| | * | |
| Petitioner, | * | Joint Stipulation on Damages; |
| | * | Inactivated Polio Vaccine ("IPV"); |
| v. | * | Diptheria-Tetanus-Acellular |
| | * | Pertussis ("DTaP") Vaccine; |
| SECRETARY OF HEALTH | * | Guillain Barré Syndrome ("GBS"); |
| AND HUMAN SERVICES, | * | Chronic Inflammatory |
| | * | Demyelinating Polyneuropathy |
| Respondent. | * | ("CIDP"). |
| * * * * * * * * * * * * * * * | | |

Ramon Rodriguez, Rawls, McNelis and Mitchell, P.C., Richmond, VA, for petitioner.
Glenn MacLeod, United States Department of Justice, Washington, DC, for respondent.

### DECISION[1]

On July 26, 2010, Samantha Y. Wilson ("petitioner") filed a petition on behalf of her daughter, S.W., pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleged that S.W. received Inactivated Polio ("IPV") and Diptheria-Tetanus-Acellular Pertussis ("DTaP") vaccines on July 30, 2007, and that she thereafter suffered from Guillain Barré syndrome ("GBS"), or another neurological injury, which was caused in fact by the vaccinations. See Petition at 1-2.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

On July 25, 2014, the parties filed a stipulation in which they agree that a decision should be entered awarding compensation.

Respondent denies that the DTaP and IPV vaccines caused S.W.'s alleged GBS and/or CIDP and/or any other injury, and further denies that her current disabilities are sequelae of a vaccine-related injury.  Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulated that petitioner shall receive the following compensation:

**A lump sum of $112,165.67, which amount represents reimbursement of a lien for services rendered on behalf of S.W., in the form of a check payable jointly to petitioner as guardian/conservator of S.W.'s estate, and**

**The State of Michigan**
**P.O. Box 30053**
**Lansing, MI 48909**
**RE: [S.W.]**
**Medicaid ID#: 0029044902**

**Petitioner agrees to endorse this payment to the Michigan Medicaid Agency; and**

**A lump sum of $325,000.00, in the form of a check payable to petitioner, as guardian/conservator of the estate of S.W., which amount represents compensation for all other damages that would be available under 42 U.S.C. §300aa-15(a).**

Stipulation ¶ 8.

The undersigned approves the requested amount for petitioner's compensation.  Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

SAMANTHA Y. WILSON, as parent
and legal representative of
her minor daughter, SANIA D. WILSON,

    Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

    Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

No. 10-483V (ECF)
SPECIAL MASTER
NORA B. DORSEY

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner, Samantha Y. Wilson, as the parent of Sania D. Wilson ("Sania"), filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to Sania's receipt of inactivated poliovirus ("IPV") and diphtheria-tetanus-acellular pertussis ("DTaP") vaccine, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Sania received DTaP and IPV vaccinations on or about July 30, 2007.

3. The vaccines were administered within the United States.

4. Petitioner claims that Sania suffered Guillain Barre Syndrome ("GBS") and/or Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP"), which was caused in fact by the immunizations she received on or about July 30, 2007.

Page 1 of 6

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on Sania's behalf as a result of her alleged vaccine injury.

6. Respondent denies that the DTaP and IPV vaccines caused Sania's GBS and/or CIDP or any other injury, and further denies that her current disabilities are a sequela of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a. A lump sum of $112,165.67, which amount represents reimbursement of a lien for services rendered on behalf of Sania D. Wilson, in the form of a check payable jointly to petitioner as guardian/conservator of Sania D. Wilson's estate, and

> The State of Michigan
> P.O. Box 30053
> Lansing, MI 48909
> RE: Sania Wilson
> Medicaid ID#: 0029044902

> Petitioner agrees to endorse this payment to the Michigan Medicaid Agency; and

> b. A lump sum of $325,000.00, in the form of a check payable to petitioner, as guardian/conservator of the estate of Sania D. Wilson, which amount represents compensation for all other damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before

Page 2 of 6

the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a prepaid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of Sania D. Wilson's estate under the laws of the State of Michigan. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as guardian/conservator of Sania D. Wilson's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of Sania D. Wilson at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative(s) or conservator(s) of the estate of Sania D. Wilson upon submission of written documentation of such appointment to the Secretary.

13. The parties and their attorneys further agree and stipulate that, except for any award for attorney's fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of Sania as contemplated by a strict

construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

14. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity and as guardian/conservator of Sania D. Wilson's estate, and on behalf of Sania, and Sania's heirs, executors, administrators, successors, and assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Sania D. Wilson resulting from, or alleged to have resulted from, the DTaP and IPV vaccinations administered on or about July 30, 2007, as alleged by petitioner in a petition for vaccine compensation filed on or about July 26, 2010, in the United States Court of Federal Claims as petition No. 10-483V.

15. If Sania should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except

as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the DTaP and/or IPV vaccination caused Sania's GBS and/or CIDP or any of her current disabilities.

19. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns, as guardians/conservators of Sania D. Wilson's estate.

END OF STIPULATION

Respectfully submitted,

PETITIONER:

*[signature]*

SAMANTHA Y. WILSON

ATTORNEY OF RECORD FOR
PETITIONER:

*[signature]*

RAMON RODRIGUEZ, III, M.D., ESQ.
Rawls, McNelis & Mitchell, P.C.
211 Rocketts Way
Suite 100
Richmond, Virginia 23231
(804) 782-0608

AUTHORIZED REPRESENTATIVE OF
THE SECRETARY OF HEALTH AND
HUMAN SERVICES:

*[signature]* FOR

A. MELISSA HOUSTON, M.D., M.P.H, FAAP
Acting Director, Division of
Vaccine Injury Compensation (DVIC)
Acting Director, Countermeasures Injury
Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Stop 11C-26
Rockville, MD 20857

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

*[signature]*

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice      Tel:
P. O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146

ATTORNEY OF RECORD FOR
RESPONDENT:

*[signature]*

GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-4122

Dated: 7/25/14