# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 10-483V
**Filed:  January 26, 2015**

| | |
|---|---|
| * * * * * * * * * * * * * * | |
| SAMANTHA Y. WILSON | * |
| *as Parent and Legal Representative of her* | * |
| *minor daughter*, S.W. | *   UNPUBLISHED |
| | * |
| Petitioner, | * |
| | *   Special Master Dorsey |
| v. | * |
| | *   Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | *   Reasonable Amount Requested to which |
| AND HUMAN SERVICES, | *   Respondent Does Not Object. |
| | * |
| Respondent. | * |
| | * |
| * * * * * * * * * * * * * | |

Ramon Rodriguez, III, Rawls, McNelis and Mitchell, P.C., Richmond, VA, for petitioner.
Glenn A. MacLeod, U.S. Department of Justice, Washington, D.C., for respondent.

### ATTORNEYS' FEES AND COSTS DECISION[1]

On July 26, 2010, Samantha Y. Wilson ("petitioner") filed a petition on behalf of her minor daughter, S.W., for compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that S.W. received Inactivated Polio ("IPV") and Diptheria-Tetanus-Acellular Pertussis ("DTaP") vaccines on July 30, 2007, and thereafter

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  Otherwise, the entire decision will be available to the public.  Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) ("Vaccine Act" or "Act").  All citations in this decision to individual sections of the Act are to 42 U.S.C.A. § 300aa.

1

suffered from Guillain Barré syndrome ("GBS"). On August 18, 2014, a decision awarding compensation to petitioner based on the parties' stipulation was entered.

On January 23, 2015, the parties filed a Stipulation of Fact Concerning Attorneys' Fees and Costs. According to the stipulation, respondent does not object to a total award of attorneys' fees and costs in the amount of $52,031.18. In accordance with General Order #9, petitioner represents that she incurred $5,968.82 in reimbursable costs in pursuit of her petition.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of petitioner's request and respondent's counsel's lack of objection to petitioner's counsel's fee request, the undersigned **GRANTS** petitioner's motion for approval and payment of attorneys' fees and costs.

Accordingly, an award should be made as follows:

1) in the form of a check payable to petitioner only in the amount of **$5,968.82**; and

2) in the form of a check jointly payable to petitioner and the law firm of Rawls, McNelis & Mitchell, P.C. in the amount of **$52,031.18**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

   **IT IS SO ORDERED.**

                                        **s/Nora Beth Dorsey**
                                        Nora Beth Dorsey
                                        Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.